### T. L. L. TEMPLE v. BRANCH SAW COMPANY.

Decided May 31, 1905.

**1.—Sheriff's Sale—Deed—Return—Variance.**

The title acquired through a sheriff's sale and deed is not rendered void on collateral attack by a variance between the sheriff's return and the recitals in the deed as to the date of sale.

**2.—Sheriff's Sale—Collateral Attack.**

Irregularities in a sheriff's sale, coupled with inadequacy of price, though sufficient to justify setting it aside on direct proceeding, do not render it void upon collateral attack, as by ordinary suit in trespass to try title.

**3.—Insolvent Corporation—Trustee—Attachment—Judgment.**

An attachment, followed by judgment and sale, against the property of an insolvent corporation which has ceased to do business and transferred the property to a trustee for its creditors, passes title to the property as against such trustee, where he was made a party to the suit and interposed no defense to the proceedings.

Appeal from the District Court of Cass County. Tried below before Hon. P. A. Turner.

*Chas. S. Todd* and *Geo. J. Armistead,* for appellant.—The court erred in admiting in evidence over appellant's objecion, the deed from I. H. Lanier, sheriff, to Branch-Crooks Saw Company, because the same was and is fatally variant from the return on the order of sale introduced in evidence and relied on by appellee, and it appears on its face to have been made under a different sale from that shown by the return on said order of sale, and no connection is shown between the order of sale and the deed, nor any mistake shown or offered to be shown. Meredith v. Coker, 65 Texas, 30.

The undisputed and record evidence of appellant's claim of title shows that the attachment proceedings, judgment of foreclosure, and order of sale thereunder, by and through which appellee claims title, were void and could not pass title, because it appears therefrom that the land was in possession of a trustee of an insolvent corporation for the benefit of all its creditors generally, and was therefore not subject to attachment at the instance of a particular creditor with notice of such trust. Lyons Thomas Hardware Co. v. Perry Stove Mfg. Co., 86 Texas, 143; Aldredge v. Pardee, 60 S. W. Rep., 791; Langham v. Lanier, 7 Texas Civ. App., 7; Cabell v. Johnston, 13 Texas Civ. App., 473; Southern Soda Works v. Vines, 36 S. W. Rep., 942; Citizens' Bank v. Merchants Bank, 27 S. W. Rep., 848; Scott v. McDaniel, 67 Texas, 315; Texas T. Ry. Co. v. Lewis, 81 Texas, 9. Such a trust may be created by parol, and is not obnoxious to the statute of frauds: James v. Fulcrod, 5 Texas, 515; Mead v. Randolph, 8 Texas, 191; Bailey v. Harris, 19 Texas, 109; Leakey v. Gunter, 25 Texas, 403; Holland v. Farthing, 2 Texas Civ. App., 156.

The sale was voidable (if not void) on account of gross inadequacy of price coupled with many irregularities in the proceedings, and the court should have directed a verdict for the plaintiff, the evidence on this issue being undisputed. Rivers v. Foote, 11 Texas, 662; McSween v. Yett, 60 Texas, 183; Lybrand v. Fuller, 59 S. W. Rep., 50; Fields v. Rye, 59 S. W. Rep., 307; Clardy v. Wilson, 64 S. W. Rep., 489; Hanrick v. Gurley, 48 S. W. Rep., 999.

*Figures & Pruitt,* for appellee.—The variance between the sheriff's deed and the sheriff's return on the order of sale, as to the date of the sale, is a mere irregularity, and does not render said sheriff's deed void, and the court did not err in overruling appellant's objection thereto and in admitting said deed in evidence. Frazier v. Moore, 11 Texas, 758; Baker v. Clepper, 26 Texas, 635.

A right of action to set aside a sheriff's deed, not void, but merely voidable by direct attack and upon equitable terms, can not be enforced under the pleadings in the action of trespass to try title, and it follows that such a right is not comprehended in the issue of title. Moore v. Snowball, 10 Texas Ct. Rep., 807, by the Supreme Court on certified question, opinion on page 810, citing Ayers v. Dupree, 27 Texas, 604; Haskins v. Wallet, 63 Texas, 218. Same case, 68 Texas, 418; Rippetoe v. Dwyer, 49 Texas, 506; Fuller v. O'Neal, 69 Texas, 352; Chicago,

T. & M. Ry. Co. v. Titterington, 84 Texas, 224; Rutherford v. Stamper, 60 Texas, 450; Fisher v. Wood, 65 Texas, 205.

Appellant and appellee claimed title to the land involved in this suit under the Atlanta Lumber Company as a common source of title, and appellant being the plaintiff in the court below, the burden of proof was upon him to show that he had the superior title to the land, and he having failed to do so, the court did not err in directing a verdict for appellee, who was the defendant in the court below.  Parker v. Campbell, 65 S. W., 484; Rice v. St. Louis, A. & T. Ry. Co., 87 Texas, 90; Howard v. Masterson, 77 Texas, 41.

The judgment and proceedings under which the land was sold by the sheriff, and bought in by appellee's vendor, was not void, but was valid and the title to said land passed by said sale, and appellant's action in this cause, seeking to recover said land, is a collateral attack upon a valid judgment and sheriff's sale of said land, and such collateral attack can not be sustained in this cause, and said judgment and sheriff's sale of said land could not be set aside, except in a direct proceeding for that purpose.  Crawford v. McDonald, 88 Texas, 626; Scudder v. Cox, 10 Texas Ct. Rep., 205; Treadway v. Eastburm, 57 Texas, 209; Mills v. Terry, 54 S. W., 780; Galloway v. State Nat. Bank, Ft. Worth, 56 S. W., 236.

Even if the sheriff's deed was voidable for inadequacy of consideration, and for irregularities in the proceedings under which the sale was made, such deed could only be set aside and avoided by a direct proceeding attacking such sheriff's deed for such inadequacy of consideration, and such irregularities in said proceedings, and could not be so attacked in this collateral proceeding in trespass to try title between third parties.  Smith v. Olson, 56 S. W., 568; Moore v. Snowball, 10 Texas Ct. Rep., 807.

FISHER, CHIEF JUSTICE.—This is an action of trespass to try title, in the usual form, by appellant against the appellee, for the land described in plaintiff's petition.  The petition, in addition to the usual averments, contains this allegation:  "The plaintiff's title to said land consists of a deed from the Atlanta Lumber Company, which is common source of title, to plaintiff, dated the 23d day of October, 1902; and defendant claims said land under a judgment, execution and sheriff's deed, dated December 5, 1893, which proceedings, plaintiffs allege, are invalid and void on their face, and pass no title to defendant, as shown by the record thereof."

Upon a trial the court instructed a verdict in favor of appellee, upon which judgment was rendered.

The facts are as follows:  The Atlanta Lumber Company is common source of title.  The appellant holds under a deed from the Atlanta Lumber Company, executed and delivered to the appellant Temple, of date October 23, 1902.  Appellee's evidence of title is as follows: A petition in the suit of Branch-Crooks Saw Company, against the Atlanta Lumber Company, No. 4713, filed July 7, 1893; affidavit and bond in attachment of date August 8, 1893, by the plaintiffs in that suit, against the property of the Atlanta Lumber Company.  Writ of attachment was issued August 8, 1893, and the sheriff's return

showed a levy upon the land involved in this suit, as the property of the Atlanta Lumber Company, on the 11th of August, 1893. On September 6, 1893, judgment was rendered foreclosing the attachment lien, the recitals of which judgment, substantially, are as follows: That the plaintiff appeared by its attorneys, and the defendants having been duly cited, came not but made default; that the plaintiff's demand being liquidated and proven by an instrument of writing for the sum of $311 with interest, executed by the defendant, the court is of the opinion the plaintiff ought to recover. The judgment then proceeds to state that it is considered, ordered and adjudged by the court that the plaintiff, Branch-Crooks Saw Company, a corporation under the laws of the State of Missouri, do have and recover from the Atlanta Lumber Company, a corporation under the laws of the State of Texas, whose secretary and treasurer is D. J. Grigsby, the sum of $311.08, with interest at the rate of eight per cent per annum from the maturity of said acceptance, with all costs of suit; and it further appearing to the court that the Atlanta Lumber Company has ceased to operate its business, and the effects of said company were turned over and delivered to T. L. L. Temple to pay the debts of said company, and the said Temple having been duly cited in this cause, and having failed to appear, the court is of the opinion that the plaintiff ought to recover of the defendant T. L. L. Temple; it is therefore considered, adjudged and ordered by the court that the plaintiff aforesaid do have and recover of and from T. L. L. Temple individually, the sum of $311.08 with interest at the rate of eight per cent per annum from the maturity of the acceptance sued upon in this case, together with all costs in this behalf expended. Then the judgment proceeds to foreclose the attachment lien levied upon the land in controversy, and provides for an order of sale.

Order of sale was issued on this judgment on the 10th of October, 1893, and the sheriff's return thereon shows that it came to hand on the 15th day of October, 1893, and was levied on the land in controversy on the 16th day of October, 1893, and further that the land was sold by him on the 7th day of November, 1893, and bid in by Branch-Crooks Saw Company for the sum of $50. On December 5, 1893, the sheriff executed a deed to the Branch-Crooks Saw Company for the land in controversy. The deed recites that the sheriff, upon the 16th day of October, 1893, did levy upon and advertise for sale the land and premises described in the order of sale, by giving public notice of the time and place of sale by causing an advertisement thereof to be posted at three public places in the county, one of which was the courthouse door of the county, for twenty days previous to the day of sale, and that on the first Tuesday in December, 1893, within the hours prescribed by law, sold the land at public vendue in the county of Cass at the courthouse door thereof to the Branch-Crooks Saw Company for the sum of $50.

The return of sale endorsed by the sheriff on the order of sale is as follows: "Came to hand October 15, 1893, and executed October 16, 1893, by levying upon, seizing and taking into my possession the within described land; and further executed by advertising same to sell on the 7th day of November, 1893, and on that date was struck off to Branch-

Crooks Saw Company for the sum of $50, this being the highest bid for the same." It is stated in the brief of appellant that the 7th day of November, 1893, was the first Tuesday in the month.

A deed of Branch-Crooks Saw Company to Branch Saw Company, of date December 24, 1900.

Two assignments of error are presented in appellant's brief, which are as follows:

I.—"The court erred in overruling the plaintiff's objection to the admission of the sheriff's deed from I. H. Lanier, sheriff, to the Branch-Crooks Saw Company, because said deed showed on its face that it was made in pursuance of a sale of the land on the first Tuesday in December, whereas, the return endorsed on the order of sale showed that the land was sold under said order of sale on the seventh (7th) day of November; and there is no evidence produced or offered to show that the sale under the order of sale as shown by the return, was not in fact made as therein shown; nor was there any evidence offered or produced to show that the deed offered in evidence was made in pursuance of the sale under the order of sale; and the variance is material and fatal.

II.—"The court erred in directing a verdict for the defendant, because:

"First: The plaintiff showed a legal title and the right of recovery, unless the defendant proved a superior title; and the defendant failed to prove such a superior title, either legal or equitable.

"Second: The evidence introduced by the defendant in support of its claim of title, to wit: Petition in the attachment suit of Branch-Crooks Saw Company v. Atlanta Lumber Company, and the judgment rendered in that case showed on their face that the attachment proceedings and the judgment foreclosing the attachment lien were and are void; because it appears therefrom that at the time of the institution of said suit, and the levy of said attachment and the rendition of said judgment and the sale of said property, the said property was in the legal custody and control of an assignee or trustee for the benefit of all the creditors of the said Atlanta Lumber Company, to wit, in the hands of T. L. L. Temple, as such trustee, and was not subject to be seized by a writ of attachment.

"Third: Because the testimony shows many irregularities in the attempted judicial sale under which the defendant claims; that the amount bid thereon by the defendant was grossly inadequate, and that the sale ought to have been set aside as inequitable and voidable."

The court correctly admitted the sheriff's deed and the return endorsed upon the order of sale. It is true, there is no parol evidence in the record explaining the discrepancy between the date of sale as stated in the deed, and the date of sale as stated in the return. It is apparent that the sheriff made a mistake in stating the date of sale in either one of these two instruments; and we are inclined to the opinion that the return made upon the order of sale states the correct date at which the sale was made. That return is supposed to be the last official act of the sheriff in connection with the sale. He could not well have made the return and completed it so as to comply with the law until after the sale was actually made. But, however, conceding that there is a discrepancy in the dates, which can not be explained upon this basis, we do not think that the sale would be void for that reason.

The plaintiff's petition does not undertake to avoid the sale on the ground that it is voidable, but contends that the sale is absolutely void; and it is not framed with the view of obtaining the relief of the court in the event that the sale would be held to be merely voidable. Therefore, we are of the opinion that the court committed no error in the ruling complained of.

These latter remarks will also, in the main, apply to the questions raised in the second assignment, especially the third question there presented. If there were irregularities in the sale, the petition should have been so framed as to raise these questions, which was not done.

It is admitted that the Atlanta Lumber Company is common source of title, and the facts in the record show that the appellee's title from that source is the oldest, and unless its title could be held to be void, it must, in view of the averments of the petition, prevail over that of the appellant, as the pleadings of the appellant are not framed so as to bring any issue into the case raising the question of appellee's title being merely voidable. Therefore, we must hold that none of the grounds urged in the second assignment of error are well taken.

The second subdivision of that assignment presents a question which could not be raised by the appellant in this case. It will be observed that in the judgment as quoted in the findings of fact, against the Atlanta Lumber Company, that the appellant T. L. L. Temple was a party thereto; and if facts or conditions existed which would not have authorized a judgment in favor of the Branch-Crooks Saw Company against the Atlanta Lumber Company and against Temple, they should have been urged in that case. The judgment is not void upon its face, merely by reason of the fact that the Atlanta Lumber Company had ceased to do business. Facts and circumstances might have existed which would have authorized the trial court in that case, to have rendered judgment against the Atlanta Lumber Company and against Temple as trustee of its funds and property, notwithstanding the fact that the Atlanta Lumber Company as a corporation, ceased to do business and its property had been transferred to Temple as trustee. If any circumstances existed which would have justified the court in declining to enter judgment against the Atlanta Lumber Company they should have been urged by the defendants in that case, which the record shows was not done; and we are of the opinion that that judgment is not subject to the collateral attack now urged against it for the reasons stated in the assignment.

We find no error in the record and the judgment is affirmed. This conclusion relieves us of the necessity of passing upon the appellee's cross-assignments of errors.

*Affirmed.*

Writ of error refused.